**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COPELAND SURVEYING, INC., | : | |
| | : | Civil Action No. 06-1189 (JHR) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| RICHARD GOETTLE, INC., | : | |
| | : | |
| Defendant. | : | |

**Appearances:**

James M. Vogdes, III, Esquire
7A North Main Street–Suite 2
Medford, New Jersey 08055
      Attorney for Plaintiff

Michael W. O'Hara, Esquire
Duane Morris LLP
240 Princeton Avenue–Suite 150
Hamilton, New Jersey 08619-2304
      Attorneys for Defendant

**RODRIGUEZ**, **Senior District Judge.**

This matter comes before the Court on motion of Defendant, Richard Goettle, Inc.

("Goettle"), to dismiss the Complaint for lack of personal jurisdiction, pursuant to Fed. R.

Civ. P. 12 (b)(2) [Docket No. 3].  For the reasons expressed herein, the motion will be

denied.

1

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This case arises out of an alleged breach of contract, with requested damages for $87,561.41.  Goettle, an Ohio corporation with its principal place of business located in Cincinnati, Ohio, served as the pile contractor on a project to construct the Philadelphia Phillies Baseball Stadium in Philadelphia, Pennsylvania.  In December, 2001, Goettle telephoned Plaintiff, Copeland Surveying, Inc. ("Copeland"), a New Jersey corporation with offices in Atlantic and Burlington Counties, to request that Copeland submit a proposal to perform surveying, layout, monitoring and office services at the project site in Philadelphia.

In order to submit a proposal, a Copeland representative met with several Goettle employees on the project site in Philadelphia to discuss the project and services requested. Subsequently, Copeland faxed and mailed a proposal to Goettle's office in Cincinnati, Ohio.  Goettle accepted the proposal and faxed a written purchase order to Copeland's New Jersey Office.  Both parties agree that the proposal and purchase order constitute the contract between them.

As the project moved forward, Copeland provided additional services to Goettle, due to an unanticipated nine-month work extension.  Those additional services, combined with extra administrative costs, materials and interest, resulted in an alleged outstanding balance of $89,079.41.  Copeland claims Goettle has paid $1,518 of that balance, and refuses to pay the remaining $87,561.41.

2

The parties agree that all face-to-face contact between them occurred in Philadelphia, either at the project site or in the project engineer's office. All other communications took place by telephone, mail, and fax. In addition, over the last five years, Goettle has been a subcontractor on three projects located in New Jersey. According to the record, the total revenue generating from those contracts was approximately $751,000.

On February 6, 2006, Copeland filed a complaint in the Superior Court of New Jersey alleging breach of contract by Goettle, seeking damages in the amount of $87,561.41. On March 14, 2006, Goettle filed a Notice of Removal in this Court. On March 20, 2006, Goettle filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b)(2) on the ground that the Court lacks personal jurisdiction.

Copeland asserts that Goettle's contact with it during the negotiation process, along with Goettle's business activity in New Jersey over the last five years, is sufficient to satisfy its burden to establish a prima facie case of personal jurisdiction.

## DISCUSSION

### A.  Standard for Motion to Dismiss

The constitutional exercise of personal jurisdiction by a federal court over an out-of-state defendant has two requirements. First, jurisdiction over a defendant may only be asserted to the extent authorized by law of the state in which the court sits. See FED. R. CIV. P. 4(e) (2000). Second, because the exercise of jurisdiction must comport with the

3

Due Process Clause of the United States Constitution, the Court must determine if an

exercise of jurisdiction complies with "traditional notions of fair play and substantial

justice." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d

Cir. 1987) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 320 (1945)).

> New Jersey long-arm statute states in pertinent part:
>
> [t]he primary method of obtaining in personam jurisdiction over a defendant
> in this State is by causing the summons and complaint to be personally
> served within this State
>
> * * *
>
> provided, however, that a foreign corporation may be served only as herein
> prescribed subject to due process of law.

N.J. Cᴛ. R. 4:4-4(a) (2002).  This Rule has been interpreted to extend as far as is

constitutionally permissible.  See, eg., DeJames v. Magnificence Carriers, Inc., 654 F.2d

280, 284 (3d Cir. 1981); Avdel Corp. v. Mecure, 277 A.2d 207, 209 (N.J. 1971)

(interpreting the New Jersey long-arm statute as allowing out-of-state service to the

"uttermost limits permitted by the United States Constitution").

The Due Process Clause of the Fourteenth Amendment prevents courts from

asserting personal jurisdiction over defendants who do not have "certain minimum

contacts" with the forum state. Provident Nat'l Bank, 819 F.2d at 436-37 (citing Int'l

Shoe Co., 326 U.S. at 320).  Those minimum contacts should be of the nature where a

defendant "should reasonably anticipate being haled into court" in the forum.  World-

Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

After a defendant motions to dismiss for lack of personal jurisdiction, "the plaintiff

4

bears the burden to prove facts sufficient to establish personal jurisdiction." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 (3d Cir. 1992). When, as here, the court does not hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "the plaintiff need only establish a prima facie case of personal jurisdiction." See, e.g., Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). Further, Copeland's allegations should be taken as true, and any disputed facts should be resolved in favor of Copeland. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). Copeland may meet this burden by establishing that this Court has either "general" or "specific" jurisdiction. Provident Nat'l Bank, 819 F.2d at 437 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

**B. Analysis**

**1. General jurisdiction**

General jurisdiction allows a court to entertain a dispute even though the defendant's contacts with the forum are unrelated to the events forming the basis of the cause of action. To establish general jurisdiction, the plaintiff must show significantly more than mere minimum contacts with the forum state. Provident Nat'l Bank, 819 F.2d at 437 (citing Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 212 (3d Cir. 1984). A plaintiff bears the "rigorous" burden of demonstrating that the defendant has "continuous and systematic" contacts with the forum state such that the defendant should

expect to be haled into court on any cause of action.  Helicopteros, 466 U.S. at 408.

This Court has held that when considering the issue of general jurisdiction, the following criteria may be evaluated: (1) a corporation's sales percentages in New Jersey; (2) property owned in New Jersey; (3) taxes paid in New Jersey; (4) employees in New Jersey; (5) sales solicited in New Jersey and (6) offices maintained in New Jersey.  New Generation Devices, Inc. v. Slocum Enters., Inc., Civil No. 04-2583, 2005 WL 3078181, at *4 (D.N.J. Nov. 15, 2005).  In New Generation, the defendant's motion to dismiss for lack of personal jurisdiction in New Jersey was granted.  There, the defendant, an Oregon corporation, had total sales revenue in New Jersey that accounted for less than one percent of their total sales.  Id. at *2.  Additionally, eleven New Jersey veterinarians were the defendant's only contacts with the State.  That court affirmed a lower court's ruling that New Jersey could not properly exercise general jurisdiction over the defendants, because it lacked sufficient contacts with the state to satisfy the constitutional requirements. Id. at *6.

Similarly, in E.E. Cruz & Co., v. Alufab, Inc., Civil No. 06-262, 2006 WL 1344095, at *8 (D.N.J. May 16, 2006), the court granted the defendant's motion to dismiss for lack of personal jurisdiction.  In E.E. Cruz, the plaintiff, a New Jersey based corporation, filed a complaint in New Jersey against the defendant, a Florida-based corporation.  Id. at *1.  The complaint alleged a breach of contract, arising from contracted services agreed to take place in New York.  Id.  The court held there was no

6

general jurisdiction over the defendant because it had no continuous and systematic contacts with New Jersey.  Id. at *4.  The court reasoned that the defendant: (1) was incorporated under the laws of Florida; (2) had a principal place of business and corporate headquarters in Florida; (3) did not perform work in New Jersey, and did not regularly do business with any companies or persons in New Jersey; (4) held no property, offices, or employees in New Jersey; and (5) had no employees travel to New Jersey in connection with its agreement with the plaintiff.  Id. at *4-*5.

Like the defendant in E.E. Cruz, Goettle contracted with a New Jersey corporation to perform services in a third state, Pennsylvania.  Goettle is incorporated under the laws of, and maintains its principal place of business in, Ohio.  Goettle does not regularly do business with any New Jersey companies or persons.  Moreover, Goettle did not direct any of its employees to travel to New Jersey as a result of its contractual negotiations with Copeland; rather, all face-to-face contact took place in Philadelphia, Pennsylvania.

Moreover, Goettle's contacts with New Jersey are neither continuous nor systematic.  Aside from its contract negotiations with Copeland, out of which this case arises, Goettle's remaining New Jersey contacts within the last five years were in the form of subcontractor services, provided on three different occasions and totaling $751,000 in revenue, which accounts for less than .005% of its total revenue.  Additionally, Goettle appears to neither own property, pay taxes nor maintain offices or employees in New Jersey.  Therefore, the Court may not constitutionally assert general jurisdiction over

7

Goettle.

### 2. Specific Jurisdiction

Specific jurisdiction arises when the plaintiff's claim is "related to or arises out of the defendant's contacts with the forum." Dollar Sav. Bank, 746 F.2d at 211. The Court may assert jurisdiction if it is satisfied that the relationship between the defendant, the cause of action, and the forum fall within the "minimum contacts" framework set forth in Int'l Shoe. "[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the protections and benefits of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Finally, the court must consider whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting World-Wide Volkswagen Corp., 444 U.S. at 297).

The fact that a non-resident has contracted with a resident of the forum State is not, by itself, sufficient to justify personal jurisdiction over the non-resident. Id. at 1223. However, the requisite contacts may be found in: (1) "the place and character of prior negotiations" leading to the formation of an agreement; (2) contemplated future consequences; or (3) the course of dealings between the two parties. Id. at 1223 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985)). In Mellon Bank, the defendants' Rule 12 (b)(2) motion was denied. There, the court reasoned the defendants

"reached out beyond one state and created continuing relationships and obligations with citizens of another state" when they made initial contact with Mellon Bank in an effort to obtain a loan.  Id. at 1223 (quoting Travelers Health Ass'n v. Virginia, 339 U.S 643, 647 (1950)).  In addition, the court found the defendants knew that they were dealing with a Pennsylvania bank, while they clearly had the option to seek financing with a bank in states other than Pennsylvania.  The court concluded that the defendants "purposefully directed" their activities toward a Pennsylvania resident and "thereby availed themselves of the opportunity to do business there within the meaning of Burger King."  Id. at 1226-27.

"Informational communications in furtherance of a contract between a non-resident and a resident of the forum State does not establish the purposeful activity for a valid assertion of personal jurisdiction over [a non-resident defendant]."  Remick v. Manfredy, 238 F.3d 248, 256 (2001) (quoting Sunbelt v. Noble, Denton & Assoc., Inc., 5 F.3d 28, 32 (3d Cir. 1993)).  However, there are instances when personal jurisdiction can arise primarily from a non-resident defendant's contract with a forum resident.  Id. at 256. In Remick, personal jurisdiction over the defendant was found to be permissive because of the following factors: (1) the defendant sought the plaintiff out by placing a phone call to its office in Pennsylvania; (2) that solicitation resulted in a contract between the defendant and the plaintiff; (3) the contract was signed by the defendant and mailed to Pennsylvania; (4) at least one payment was sent by the defendant to the plaintiff's

9

Pennsylvania office; and (5) there were repeated "informational communications" during the course of the contractual relationship between the parties with the plaintiff at his Philadelphia office.  Id. at 256-57.  See also Grand Entm't. Group v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993) (stating that "[m]ail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction [because] 'it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines'") (quoting Burger King, 471 U.S. at 476). The Remick court considered those facts in there entirety and found the assertion of personal jurisdiction over the defendant proper.

Here, Goettle's actions are comparable to those of the defendants in both Mellon and Remick.  Goettle reached out beyond the state of Ohio and made initial contact with Copeland in New Jersey.  Goettle could have chosen another subcontractor if it wished to avoid litigation in New Jersey.  At all times, Goettle was aware that it was dealing with a New Jersey corporation.  Additionally, Goettle's solicitation of Copeland resulted in the contract from which this complaint arises.  There were repeated communications by telephone, fax and mail between Goettle and Copeland.  Finally, to consummate the contract, Goettle accepted Copeland's proposal, and sent a purchase order to Goettle's office in New Jersey.  Therefore, this Court may constitutionally assert personal jurisdiction over Goettle.  Accordingly, Goettle's motion to dismiss for lack of personal

jurisdiction will be denied.

## CONCLUSION

Based on the foregoing, Goettle's Rule 12 (b)(2) motion to dismiss for lack of

personal jurisdiction will be denied.

An appropriate Order will issue this date.

/s/ JOSEPH H. RODRIGUEZ
JOSEPH H. RODRIGUEZ
United States District Judge

Dated: June 12, 2006

11